IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZACHARY FRISBY, individually, and on behalf of all others similarly situated, | § § § § | Civil Action No._____ |
| Plaintiffs | § § § § | |
| RED ROBIN INTERNATIONAL, INC. | § § § | COLLECTIVE ACTION PURSUANT |
| Defendant | § | TO 29 U.S.C. § 216(b) |

## ORIGINAL COMPLAINT

**NOW COMES**, Zachary Frisby, individually, and on behalf of all others similarly situated, Plaintiffs, and brings this action against Red Robin International, Inc., Defendant, and would show as follows:

### I. OVERVIEW

1. Defendant Red Robin International, Inc., failed to pay Plaintiff, Zachary Frisby, and those similarly situated to him in accordance with the Fair Labor Standards Act ("FLSA"). Specifically, Defendant failed to pay overtime for all hours worked in excess of 40 hours per week and Defendant failed to pay for work performed off-the-clock for the benefit of Defendant. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b).

### II. PARTIES

2. Plaintiff, Zachary Frisby, is an individual who has a permanent residence in Houston, Harris County, Texas. Plaintiff was a non-exempt employee of Defendant within the

1

meaning of the FLSA and within the relevant three-year period. Plaintiff did not receive overtime compensation for hours worked in excess of 40 hours per week, nor was Plaintiff compensated for the time he was required to work off-the-clock. Plaintiff has consented in writing to be a party to this action pursuant to 29 U.S.C. §216(b). See Exhibit 1.

3. The class of similarly situated employees consists of all current and former non-exempt employees employed by Defendants in the positions of Server or Bartender or other positions with the same or similar duties that have not been properly paid overtime compensation for all hours worked in excess of 40 hours per week during the last three years and/or did not receive compensation for off-the-clock work.

4. Defendant Red Robin International, Inc. is a Nevada corporation with its principal place of business at 6312 S. Fiddlers Green Circle, Suite 200, Greenwood Village, Colorado. It is owned, either directly or indirectly, by Red Robin Gourmet Burgers, Inc. Red Robin International, Inc. operates the restaurants of Red Robin Gourmet Burgers, Inc. Defendant Red Robin International, Inc. may be served through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, Co., 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION

5. This Court has jurisdiction over this lawsuit because the action arises under the Fair Labor Standards Act, a federal law.

### IV. VENUE

6. Venue is proper in the Southern District of Texas because the events forming the basis of the suit occurred in this District.

### V. COVERAGE

7. Defendant is an American chain of casual dining restaurants. According to the company annual 10-K report, as of December 30, 2018 it operates 484 company

owned restaurants in 39 states and Canada.

8. Defendant has been and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. 203(d).

9. Defendant has been and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

10. Defendant has been and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

11. Plaintiff was an individual employee of Defendant engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§206-207.

12. Defendant issued paychecks to Plaintiff and all similarly situated individuals during their employment.

13. Defendant suffered, permitted or directed the work of Plaintiff and similarly situated individuals, and Defendant benefited from work performed by Plaintiff and similarly situated individuals.

14. Pursuant to Defendant's policy, pattern, and practice, Defendant did not pay Plaintiff and other similarly situated individuals proper overtime wages for hours they worked for Defendant's benefit in excess of 40 hours in a workweek, nor did Defendant pay Plaintiff and other similarly situated individuals for work performed off-the-clock for the benefit of Defendant.

## VI. FACTS

15. Defendant is an American chain of casual dining restaurants. According to the company annual 10-K report, as of December 30, 2018 operates 484 company owned restaurants in 39 states and Canada.

16. Plaintiff was employed by Defendant from approximately July, 2017 through October, 2018. Plaintiff was initially employed as a Server (aka Waiter) and later he split time as a Server and Shift Supervisor.

17. Plaintiff worked at Red Robin Baybrook Mall, 18830 Gulf Freeway, Friendswood, Texas 77546.

18. As a Server, Plaintiff's daily duties were to wait on customers, check his section for dirty tables, make sure his tables were clean, sweep up any trash, make sure his section is ready for the next shift, restock supplies, roll silverware, sweep kitchen and run dish plates.

19. As a Server/Shift Supervisor Plaintiff maintained his daily duties as a Server along with preparing food, assisting customers, bussing tables, checking to make sure that supplies were properly shelved and checking inventory. This work did not include primarily managerial responsibilities or the exercise of meaningful independent judgment and discretion.

20. At the end of his shifts, whether as a Server or Server/Shift Supervisor, Plaintiff was required to clock out and perform off the clock work. This work consisted of cleaning tables in assigned area, sweeping, restocking, rolling silverware, cleaning the kitchen, changing light bulbs and other manual labor as needed. This off-the-clock work was not de minimis in that Plaintiff typically worked in excess of 12 hours a week off-the-clock.

21. Plaintiff is aware of other current and former employees employed by Defendant who are similarly situated in that they have the exact same or similar job duties and were not properly paid for overtime hours they worked, nor for the time spent working off the clock to benefit Defendant.

22. These other current and former employees employed by Defendant who are similarly situated in that they have the exact same or similar job duties, and were not properly paid for overtime hours they worked, nor for the time spent working off the clock to benefit Defendant work at various locations such as: Red Robin Katy; Red Robin The Marquee; Red Robin Baybrook Mall; Red Robin Pearland; Red Robin Pasadena; and Red Robin Westchase.

23. The illegal patterns or practices on the part of Defendant with respect to overtime for its employees who perform non-exempt work is in violation of the FLSA. Likewise, the illegal pattern or practice of Defendant forcing employees to work off the clock without pay is in violation of the FLSA. Defendants knowingly, willfully or with reckless disregard of the FLSA's requirements carried out their illegal pattern or practice regarding overtime and off the clock compensation for their employees, including Plaintiff.

24. The illegal pattern or practice of requiring Plaintiff and other similarly situated employees to work off the clock and overtime without pay is believed to be a corporate policy. At a minimum it is standard practice at numerous restaurants owned and run by Defendant. For example, at Plaintiff's location the off the clock work even had a name. It was referred to as "Chicken and Waffles." At the end of a shift the Manager would announce "Chicken and Waffles". This meant all employees had to clock out and begin off the clock duties. These duties involved cleaning tables, sweeping, mopping, dusting, restocking, refilling the ice cream machine, refilling ice bins, and any other assigned manual labor work.

25. On information and belief, Defendant established labor budgets to cover labor costs

for the restaurants in which Plaintiff and similarly situated employees worked. The wages of Defendant's restaurant-level employees were deducted from the labor budgets. However, Defendant did not provide enough money in the labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each restaurant. Thus, Defendant was required to force employees to work off the clock and to work overtime without pay. Defendant knew or recklessly disregarded the fact that the underfunding of restaurant labor budgets resulted in these illegal pay practices which allowed Defendant to avoid paying additional wages (off the clock and overtime) to the non-exempt, store-level employees.

## VII.  COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff re-alleges paragraphs 15-25.

27. Plaintiff is aware of other employees who have been victimized by the pattern, practice or policy of Defendants in violation of the FLSA. These employees are similarly situated to Plaintiff because they perform the exact same or substantially similar job duties and were not paid for overtime worked, nor for off-the-clock work during the past three years.

28. Upon information and belief, Defendants failure to pay overtime compensation and for off-the-clock work is a generally applicable policy and practice and does not depend on the personal circumstances of the members of the putative class. Thus, Plaintiff's experience is very typical of the experience of the members of the putative class.

## VIII. COUNT ONE: FAILURE TO PAY WAGES
## IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

29. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§206, 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of the FLSA aforesaid, for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates no less than the one and one-half the regular rates for which they were employed and/or for failing to compensate employees for required off-the-clock work. Defendants have acted willfully in failing to pay Plaintiff and those similarly situated in accordance with the law.

## IX. RELIEF SOUGHT

30. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:
    a. For an Order finding Defendant liable for unpaid back wages at the applicable overtime rate due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);
    b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;
    c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys fees;
    d. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and
    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**The Dunagan Law Firm, P.C.,**

**/S/ Kevin Dunagan**
Kevin S. Dunagan
State Bar No. 00798158
Fed ID No.  22826
13231 Champion Forest Dr.
Suite 112
Houston, TX 77069
Telephone:     (713) 828-0619
Facsimile:     (281) 809-4587